**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DONOVAN R. TAPLETTE** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO: ______________________** |
| | * | |
| **VERSUS** | * | |
| | * | **SECTION:_________________** |
| **JAMES M. LEBLANC, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, TIMOTHY HOOPER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS WARDEN OF ELYAN HUNT CORRECTIONAL CENTER, MAJOR CRAIG WHITE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A CORRECTIONAL OFFICER AT ELYAN HUNT CORRECTIONAL CENTER, OFFICER JOHN DOE 1, INDIVIDUALLY AND IN HIS OFFICAL CAPACITY AS CORRECTIONAL OFFICER AT ELYAN HUNT CORRECTIONAL CENTER OFFICER JOHN DOE 2, INDIVIDUALLY AND AND IN HIS OFFICIAL CAPACITY AS A CORRECTIONAL OFFICER AT ELYAN HUNT CORRECTIONAL CENTER** | * | **JUDGE:___________________** <br> **MAGISTRATE:_____________** |

****************************************************************************

**<u>COMPLAINT</u>**

The Complaint of Donovan R. Taplette, a person of the full age of majority currently domiciled in West Feliciana Parish, in the State of Louisiana, in the Louisiana State Penitentiary,

with his location being at the discretion of the Louisiana Department of Public Safety and Corrections, within the Middle District of Louisiana, avers as follows, to wit:

**1.**

That this is a claim for damages brought pursuant to 42 U.S.C. §1983, and the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States. That this Court further has pendent jurisdiction over like claims arising from the facts under the constitution and laws of the State of Louisiana. That jurisdiction is founded on 28 U.S.C. §1331 and §1343.

**2.**

That made Defendant's herein are as follows:

a. **James M. Leblanc**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, who, upon information and belief, resides in the Middle District of Louisiana;

b. **Warden Timothy Hooper**, individually and in his official capacity as a Warden of Elyan Hunt Correctional Center, a person of the full age of majority who, upon information and belief, resides in the Middle District of Louisiana;

c. **Sgt. Craig White**, individually and in his official capacity as a Corrections Officer at Elyan Hunt Correctional Center, a person of the full age of majority employed as a Corrections Officer at Elyan Hunt Correctional Center, who, upon information and belief, resides in the Middle District of Louisiana;

d. **John Doe 1**, individually and in his official capacity as a Corrections Officer at Elyan Hunt Correctional Center, whose true identity is not yet known, but once properly identified, whose identity shall be supplemented, and who, under information and belief, is a person of the full age of majority employed as a

Corrections Officer at Elyan Hunt Correctional Center, who, upon information and belief, resides in the Middle District of Louisiana;

e. **John Doe 2**, individually and in his official capacity as a Corrections Officer at Elyan Hunt Correctional Center, whose true identity is not yet known, but once properly identified, whose identity shall be supplemented, and who, under information and belief, is a person of the full age of majority employed as a Corrections Officer at Elyan Hunt Correctional Center, who, upon information and belief, resides in the Middle District of Louisiana;

**3.**

That on or about September 1, 2017, while housed at Beaver 5, D-Teir in Cell 6, at Elyan Hunt Correctional Center, Donovan R. Taplette, (Hereinafter "Taplette") was subjected to a physical battery while in full correctional facility restraints at the hands of Sgt. Craig White (hereinafter "Sgt. White"), Correctional Officer John Doe 1 (hereinafter JD1) and Correctional Officer John Doe 2 (Hereinafter "JD2"), which is more fully set forth herein below, to wit

**4.**

That on or about August 29, 2017, Plaintiff Taplette was in his cell in Beaver 5, D-Tier in Cell 6, with Ryan Harris, an inmate who suffered from mental health issues;

**5.**

That Sgt. White appeared at Cell 6 in Beaver 5, D-Tier and began to question inmate Harris about a cup throwing incident that occurred earlier, to the point of agitating Inmate Harris.

**6.**

That despite Inmate Harris' obvious agitation and excitement, Sgt. White continued to badger

and cajole Inmate Harris to the point of aggravation and aggression, causing inmate Harris to attack and fight with Taplette eventually biting Taplette on the face.

**7.**

That a Correctional Officer, utilized a chemical agent on Inmate Harris and Taplette to stop the fight Sgt. White assisted in starting.

**8.**

That although Taplette repeatedly requested medical assistance for both the human bite suffered from Inmate Harris as well as the effects of the chemical agent, he was not afforded any medical assistance;

**9.**

That on or about September 1, 2017, a new inmate was brought to share Cell 6 in Beaver 5, D-Tier with Taplette;

**10.**

That Taplette refused to permit the new inmate into his cell because this inmate, similar to the one who bit him in the face, had mental issues, and Taplette feared a repeat of the prior days attack, for which he had still not received medical attention;

**11.**

That, Sgt. White was summoned to a Cell 6 in Beaver 5, D-Tier to respond to Taplette's refusal to allow the mental health impaired inmate into Taplette's cell.

**12.**

That after numerous attempts by Taplette to explain his valid fears to Sgt. White and several refusals by Taplette of Sgt. White's orders to exit his cell, Taplette was subsequently forcefully placed in full correctional restraints, including leg chains, waist chains and black box hand restraints

and then forcefully thrown to the ground and beaten by JD1, JD2 and Sgt. White, with Sgt. White placing his knee in the side of Taplette's face, with his full force and weight, while JD1 and JD2 continued to beat Taplette, all of which should have been captured by tier surveillance cameras.

**13.**

That at all times material in Paragraph 12, Taplette was in full correctional restraints, including leg chains, waits chain and black box hand restraints.

**14.**

That upon conclusion of the beating, Taplette requested medical attention but was not provided any medical attention, only moved to another cell in the same area.

**15.**

That that on Monday, September 4, 2017, Taplette was transferred to Louisiana State Penitentiary, without any of his personal belongings, despite repeated requests for them.

**16.**

That at all times material herein, Defendant's White, JD1and JD2 acted in concert in either the utilization of unauthorized excessive force against the person of Mr. Taplette or in the failure to intervene to stop said unauthorized excessive force even though present and observing said force;

**17.**

That following the incident, all Defendant's named in paragraph 12 conspired to minimize and cover up the unauthorized use of excessive force in the unjustified, unprovoked beating of Mr. Taplette, including misrepresentations by Defendant's that the use of force was justified and necessary;

**18.**

That as a result of the excessive force and battery upon Mr. Taplette by the Defendants', Mr.

Taplette has suffered injuries including, but not limited to:

a. Embarrassment, humiliation, and violation of his civil rights;

b. Physical injuries to his person including bruises, contusions, severe acute exterior frontal lobe swelling, and possible injuries the nature of which is as of yet unknown;

c. Symptoms indicative of Post Traumatic Stress Disorder;

d. Panic attacks;

e. Exaggerated startle responses to the presence of Correctional Officers;

f. Significant impairment in social functioning;

**19.**

That the injuries suffered by Mr. Taplette were solely and proximately caused by the wanton and intentional acts of Defendant's White, JD1 and JD2 in the following non-exclusive manner:

a. By handcuffing Mr. Taplette and subjecting him to a physical beating without cause or justification, causing injury to Mr. Taplette;

b. By refusal to intervene and prevent the illegal and unconstitutional unauthorized use of excessive force upon the person of Mr. Taplette;

c. By conspiring to minimize, justify, and cover up the brutality and unauthorized and unjustified use of excessive force against the person of Mr. Taplette;

d. By any and all other acts which may be proved at the trial of this matter.

**20.**

That at all times material herein, Defendant's White, JD1 and JD2 were employed by the Louisiana Department of Safety and Corrections and were stationed at Elyan Hunt Correctional Center and were acting within the course and scope of their employment;

**21.**

That Defendant Timothy Hooper, in his official capacity as Warden of Elyan Hunt Correctional Center, is directly liable and responsible for the acts of his subordinates, specifically his Correctional Officers, under the theory of *respondeat superior*. Defendant Timothy Hooper is vicariously liable to Mr. Taplette for the acts of his Correctional Officers under Louisiana law, should this Court exercise supplemental jurisdiction;

**22.**

That Defendant James M. Leblanc, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, is directly liable and responsible for the acts of his subordinates, specifically Warden Hooper, in his failure to properly train and control his Correctional Officers, as well as the errant Correctional Officers, under the theory of *respondeat superior*. Defendant Secretary James Leblanc Timothy is vicariously liable to Mr. Taplette for the acts of his Correctional Officers under Louisiana law, should this Court exercise supplemental jurisdiction;

23.

That Mr. Taplette requests damages itemized as follows:

| | | |
|---|---|---|
| a. | Pain, suffering, mental anguish, emotional trauma, mental upset, and cognitive impairment in violation of his civil rights | $175,000.00 |
| b, | Medical/psychological treatment expenses | $ Unknown |
| c. | Punitive damages for the unauthorized use of excessive force in violation of his civil rights | $250,000.00 |
| d. | Reasonable attorneys fees as provided for in 42 U.S.C. §1983 | $ Unknown |
| e. | All other relief to which Mr. Taplette may be entitled and which this Court or a jury may award. | $ Unknown |

**23.**

That all named Defendant's herein are liable jointly, severally, and *in solido*;

**24.**

That Plaintiff Taplette avers he has exhausted all APR steps within the facility, to no avail.

**25.**

That Plaintiff herein requests a trial on the merits by jury.

**WHEREFORE**, Plaintiff herein, Donovan R. Taplette, respectfully prays this Honorable Court to cause the named Defendant's herein to be duly served with a copy of this complaint and be required to answer same in accordance with the time delays required by law, and that, after due proceedings be had, there be judgment herein in favor of Donovan R. Taplette, and against Defendant's James Leblanc, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, Warden Timothy Hooper, individually and in his official capacity as a Warden of Elyan Hunt Correctional Center, Sgt. Craig White, individually and in his official capacity as a Corrections Officer at Elyan Hunt Correctional Center, John Doe 1, individually and in his official capacity as a Corrections Officer at Elyan Hunt Correctional Center, whose true identity is not yet known, but once properly identified, whose identity shall be supplemented, John Doe 2, individually and in his official capacity as a Corrections Officer at Elyan Hunt Correctional Center, whose true identity is not yet known, but once properly identified, whose identity shall be supplemented, jointly, severally, and in solido for: 1) actual damages in the minimum amount of $175,000.00; 2) punitive damages in the minimum amount of $250,000.00; 3) reasonable attorney's fees and the costs of these proceedings deemed reasonable in the premises herein in accordance with 42 U.S.C. §1983; 4) for any such general and equitable relief as the nature of the cause may require and to which the Plaintiff may be entitled or awarded, with legal interest thereon from the date of judicial demand until paid.

Respectfully submitted,

s/Richard J. Richthofen, Jr.

**Richard J. Richthofen, Jr. (#29663)**
**RICHTHOFEN & ASSOCIATES, LLC**
3900 Canal Street
New Orleans, Louisiana 70119
Office: 504-899-7949
Facsimile: 504-899-2518
Email: rick@rjrlawfirm.com

**PLEASE SERVE:**

**James M. LeBlanc**
**Secretary, Louisiana Department of Public Safety and Corrections**
504 Mayflower St,
Baton Rouge, Louisiana 70802

**Timothy Hooper**
**Warden, Elyan Hunt Correctional Center**
6925 Highway 74
St. Gabriel, Louisiana 70776

**Sgt. Craig White**
**Corrections Officer, Elyan Hunt Correctional Center**
6925 Highway 74
St. Gabriel, Louisiana 70776

**PLEASE HOLD SERVICE ON:**

**John Doe 1**
**Corrections Officer, Elyan Hunt Correctional Center**
6925 Highway 74
St. Gabriel, Louisiana 70776

**John Doe 2**
**Corrections Officer, Elyan Hunt Correctional Center**
6925 Highway 74
St. Gabriel, Louisiana 70776